# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-80341-BLOOM/Valle

SERGIO MAXIMILIANO,

        Plaintiff,

v.

SIMM ASSOCIATES, INC.,

        Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment, ECF No. [34] (the "Motion"). The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

## I.  BACKGROUND

    1.  <u>Plaintiff's Claims</u>

Plaintiff, Sergio Maximiliano ("Plaintiff"), has filed a putative class action against Defendant Simm Associates, Inc. ("Simm") asserting claims for purported violations of the Fair Debt Collection Practices Act ("FDCPA"). *See* ECF No. [8]. Plaintiff's claims are based upon a September 12, 2016 demand letter sent by Simm seeking payment of a consumer debt. The letter directed to Plaintiff states in pertinent part:

CLIENT: PAYPAL CREDIT         ORIGINAL CREDITOR: Comenity Capital Bank
BALANCE $3,986.07              ORIGINATION DATE: 09/17/2013
ACCOUNT #: ************7010    CHARGED OFF: 10/23/2015
SIMM #: ***8871

> Your account has been forwarded to this office for collections. This is a formal demand upon you for your payment of this debt; however our client, PAYPAL CREDIT, has authorized us to accept a discounted payoff of your current outstanding balance to settle the account in full.

*See* ECF No. [8-1].

The demand letter identifies "PAYPAL CREDIT" as the "CLIENT" on whose behalf Simm seeks to collect the debt and "Comenity Capital Bank" as the "ORIGINAL CREDITOR." *See* ECF No. [8] at ¶¶ 14-15 (caps in original). It does not list a current creditor even though Comenity Capital Bank ("Comenity") is the current creditor. *Id.* at ¶16; ECF No. [58] at ¶¶ 6-7.

The two-count Amended Complaint sues Simm for a violation of 15 U.S.C. § 1692g(a)(2) for failure to name the creditor to whom the debt is owed in the demand letter and a violation of 15 U.S.C. § 1692e for sending a misleading and false demand letter that identifies PayPal Credit as the creditor ("CLIENT") even though Comenity is the creditor to whom the debt is owed. *See* ECF No. [8]. It is undisputed that Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and that Simm is a "debt collector" as defined by 15 U.S.C. §1692a(6). *See* ECF No. [58] at ¶¶ 1-2.[1]

2.  <u>PayPal Credit</u>

PayPal Credit allows consumers to make online purchases without using a credit card by offering an open-ended credit plan from Comenity.[2] *See* ECF No. [35] at ¶ 8. PayPal Credit

---

[1] For those statements that are undisputed, the Court cites directly to the parties' respective Statements of Undisputed Facts.

[2] In his Response to Defendant's Statement of Undisputed Facts ("Statement"), Plaintiff disputed paragraphs 8 through 30 and 32 through 44 by lodging the same objection throughout. *See* ECF No. [58]. Specifically, Plaintiff objected because the exhibits attached to Defendant's Statement have not been authenticated. *Id.* For that reason, Plaintiff argues that the documents should be stricken from the summary judgment record. *Id.* Beyond this objection, Plaintiff did not submit any evidence to dispute the facts asserted in these paragraphs. While the Court recognizes that Federal Rule of Civil Procedure 56(e) previously required that documents be authenticated by and attached to an affidavit, that is no

works like a virtual credit card in that Comenity pays the merchant on the consumer's behalf, and then seeks repayment from the consumer for all extensions of credit it has been authorized to charge to the consumer's account. *Id.* at ¶ 9. In this case, Plaintiff opened a Comenity account that was branded and marketed as PayPal Credit. *Id.* at ¶ 10.

In support of its Motion, Simm provided screen shots of the PayPal homepage, which identifies PayPal Credit at the top of the screen. *Id.* at ¶¶ 11-12. Advertising on the PayPal website makes repeated references to PayPal Credit such as: "When you need to buy something, you don't want to wait. With PayPal Credit, you can enjoy special financing offers . . . .;" "Easy Payments with PayPal Credit lets you get what you need, when you need it, and budget your payments as you go;" "Whether you are on your computer or on your mobile device, PayPal Credit gives you the flexibility to check your statements, make payments and more right from your PayPal account." *Id.* at ¶ 13.

---

longer required under the current version of Rule 56. The current version now states: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "[U]nder current Rule 56, an objection cannot be based solely on evidence not being authenticated—the objection must be that evidence *cannot* be presented in admissible form, not that the evidence *has not* been presented in admissible form." *Abbott v. Elwood Staffing Servs., Inc.*, 44 F. Supp. 3d 1125, 1135 (N.D. Ala. 2014) (emphasis in original). *See also Cosmo v. Carnival Corp.*, 272 F. Supp. 3d 1336 (S.D. Fla. 2017) (finding that document relied upon in opposition to motion for summary judgment "need not be authenticated" because all that is required is that "evidence be presentable in admissible form at trial"). Plaintiff's objection is not that the evidence cannot be presented in an admissible form at trial but that the documents have not been authenticated. Because authentication is no longer a requirement at the summary judgment stage and Plaintiff does not argue that documents are fabricated or cannot otherwise be authenticated at trial, Plaintiff's objections are overruled. Further, Plaintiff has not presented any evidence to dispute the accuracy of the statements contained in paragraphs 8 through 30 and 32 through 44; therefore, these statements are deemed undisputed to the extent they are supported by evidence in the record. *See* S.D. Fla. L.R. 56.1(b) ("All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds the movant's statement is supported by evidence in the record.").

PayPal Credit's homepage does not contain any references to Comenity. *Id.* at ¶ 14. The website's references to Comenity are located in the Frequently Asked Questions page, which can only be accessed by selecting the "FAQ" link. *Id.* at ¶ 15. Comenity's role as the true creditor is not revealed unless a consumer goes under "PayPal Credit Basics" and selects "What is PayPal Credit." *Id.* at ¶ 16. At this point, it is revealed that "PayPal Credit is a line of credit offered by Comenity Capital Bank that gives you the flexibility to pay for your purchase now, or pay over time." *Id.* The FAQs also make limited references to Comenity when discussing credit approval. *See* ECF No. [35-4]. Other than these few references to Comenity, the remainder of the FAQs refer to the financial product offered as "PayPal Credit." ECF No. [35] at ¶ 17. Other FAQs include topics such as: (1) "How do I pay my PayPal Credit bill?" (2) "How do I manage my PayPal Credit account?" (3) "Why should I link my PayPal Credit and PayPal accounts?" and (4) "Where else can I use PayPal Credit?" *Id.*

When applying for PayPal Credit, consumers must select the "Apply Now" button on the website, which brings up the following statement in large block lettering: "Get No Payments + No Interest if Paid in full in 6 months of purchases of $99 or more when you check out with PayPal Credit." ECF No. [35] at ¶21. PayPal Credit is displayed prominently on the top of the screen in large bold letters throughout the online application process, such as the screen requesting the consumer's name, address, phone number as well as the screen requesting other confidential information. *Id.* at ¶ 23. Similarly, the last page of the application process contains the "PayPal Credit Terms and Conditions," which include "PayPal Credit Important Disclosures." *Id.* at ¶¶ 24-25.

At the bottom of the application site, it discloses in smaller type that "PayPal Credit is subject to credit approval, as determined by the lender, Comenity Capital Bank." ECF No. [35] at ¶ 22. The "PayPal Credit Terms and Conditions" provided during the application process explain the relationship between PayPal Credit and Comenity by disclosing that the product is called "PayPal Credit," but the consumer's agreement is with Comenity. *Id.* at ¶ 26. Specifically, the terms and conditions state that "PayPal Credit is an open-ended credit plan offered by Comenity Capital Bank (the 'Lender'). By using PayPal Credit to complete a purchase, you apply for credit and agree you have read the Terms and Conditions, including the Agreement to Arbitrate, as well as the Privacy Policy; and authorize the Lender to review your credit report." *Id.* at ¶ 27. The "PayPal Credit Account Agreement" also explains the relationship as follows: "This Agreement sets forth the terms and conditions of the PayPal Credit Account ('Account') and the extension of credit made by Comenity Capital Bank (the 'Lender')." *Id.* at ¶ 28.

Once a consumer has been approved for a PayPal Credit account and chooses to make an online purchase with PayPal Credit, the consumer will be directed to the PayPal homepage to authorize the charge. *See* ECF No. [35] at ¶¶ 32-34. The consumer can also check the balance on the PayPal Credit account by logging into PayPal. *Id.* at ¶ 37. The PayPal home screen provides account information for two separate accounts – the amount of money in the consumer's PayPal account and the balance owed on the PayPal Credit account. *Id.* at ¶ 38. Under "Statements," the consumer can see the available credit, the total credit line, and the balance owed – all of which are identified under the heading "PayPal Credit." *Id.* at ¶ 39. When paying off the balance on the PayPal Credit account, the consumer makes the payments to

"PayPal Credit," not Comenity Bank. *Id.* at ¶ 42. This is done online by selecting the "Make a Payment" option located underneath the section of the website detailing the amount owed on the PayPal Credit account. *Id.* at ¶ 43. Similarly, when paying via check, the consumer must mail the check to PayPal Credit, P.O. Box 105658, Atlanta, GA 30348-5658. *Id.* at ¶ 43.

      3.   <u>Procedural History</u>

In the Motion, Defendant seeks summary judgment on all claims in the Amended Complaint. *See* ECF No. [34]. Defendant argues that the demand letter does not fail to name the creditor to whom the debt is owed under § 1692g(a)(2) and it does not otherwise contain any misleading or false statements in violation of § 1692e. *Id.* Plaintiff's Response and Defendant's Reply followed. *See* ECF Nos. [58] and [67]. Plaintiff also sought leave to file a Sur-Reply, which was granted. *See* ECF No. [68], [70], and [71]. The Motion is now ripe for review.

## II.   LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v.*

*Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence on the record supports the uncontroverted material facts that the movant has proposed. *See Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### III.    DISCUSSION

Plaintiff has filed suit under the FDCPA, which is a "consumer-protection statute intended to 'eliminate abusive debt collection practices' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and 'to promote consistent state action in protecting consumers against debt collection abuses." *Leonard v. Swicker*, 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (quoting *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312-13 (11th Cir. 2015)).  The FDCPA regulates "debt collector" conduct by giving consumers the right to sue debt collectors that violate its provisions. *Id.* (citing *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014)).  In an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Anselmi v. Shendell & Assoc., P.A.*, No. 12-61599-CIV-WILLIAMS, 2015 WL 11121357, at *2 (S.D. Fla. June 6, 2015).  The first two elements here are undisputed.  The only issue before the Court is whether Simm engaged in an act or omission that the FDCPA prohibits.

The Amended Complaint asserts two separate but related FDCPA violations.  The first is pursuant to § 1692g, which requires that within five days of the initial communication with a consumer regarding a debt collection, the debt collector must provide certain information if not already contained in the initial communication. *See* 15 U.S.C. § 1692g(a).  At issue is Simm's alleged failure to provide written notice containing "the name of the creditor to whom the debt is owed" as required by § 1692g(a)(2).  Plaintiff's second claim arises from § 1692e, which

provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

Allegations of FDCPA violations are evaluated using the "least sophisticated consumer" perspective, which assumes the consumer "posses[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Leonard*, 2017 WL 4979160 at *2 (alteration in original) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-94 (11th Cir. 2010) and *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)).  Using this standard, the FDCPA protects "naïve consumers" while at the same time "prevent[ing] liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness."  *Id.* (quoting *LeBlanc*, 601 F.3d at 1194).  Applying this standard, the Court addresses each of Plaintiff's claims.

1.     Section 1692g

Plaintiff first argues that Simm violated § 1692g(a)(2) by failing to disclose the "name of the creditor to whom the debt is owed" in that the demand letter identifies Comenity as the "original creditor" and PayPal Credit as the "client" but fails to identify Comenity as the "current creditor."  Simm argues that it complied with the requirements and spirit of the FDCPA by disclosing the actual creditor, Comenity, and by also identifying PayPal Credit as the client - the name the consumer would recognize.  The Court agrees with Simm.

In order for a debt collector to satisfy the disclosure requirements of § 1692g, "the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it."  *Leonard*, 2017 WL 4979160 at *3 (quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35

(2d Cir. 1996)). This means that a naïve consumer should be able to read the notice and understand the creditor's identity. *Id.* (citing *Bouff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012)). The FDCPA does not specify how the creditor must be named or otherwise provide a definition for the word "name" in the statute. *Id.* Confronted with whether a creditor's identity was adequately disclosed under the FDCPA, the Eleventh Circuit recently held that "a debt collector may use the creditor's full business name, the name under which the creditor usually transacts business, or a commonly used acronym." *Id.* at *4. Significantly, it found that a demand letter's identification of the creditor's full name may not "result in greater clarity to a naïve consumer, who may be more familiar with a commonly used trade name." *Id.* (holding there was no FDCPA violation when the demand letter identified "American Express" as the creditor instead of "American Express Centurion Bank" or "American Express Receivables Financing Corporation, LLC" because "American Express" was the name under which the creditor conducted business and it was commonly referred to by that name.); *see also Eul v. Transworld Sys.*, No. 15 C 7755, 2017 WL 1178537, at *30 (N.D. Ill. Mar. 30, 2017) (finding there was nothing false or misleading as a matter of law when the demand letter identified the creditor generally as "National Collegiate Trust" rather than by its precise name even though there were 75 other trusts in the state whose names included "National Collegiate"); *Campbell v. American Recovery Servs. Inc.*, No. 2:15-cv-09079-ODW-AGR, 2016 WL 3219866, at *3 (C.D. Cal. June 8, 2016) (dismissing FDCPA claim when demand letter identified "American Express" as the creditor rather than a specific subsidiary because that is the name by which the company is commonly referred to and under which the financial services company usually transacts business).

10

Here, Simm argues that Comenity held itself out as PayPal Credit for purposes of extending credit to Plaintiff and, thus, the demand letter used the name under which it usually transacts business in compliance with the FDCPA's requirements. Plaintiff counters that Comenity Bank does not normally transact business as PayPal Credit because it extends credit to consumers at approximately 170 retail outlets and that the two entities are not one in the same. While it may be true that Comenity, as a bank, extends credit to customers of other stores under store-branded credit cards and that Comenity Bank and PayPal Credit are separate entities, Plaintiff's argument misses the point. The Court must analyze the facts from the perspective of the least sophisticated consumer who is receiving the demand letter at issue. In this case, the least sophisticated consumer is receiving a letter relating to his or her PayPal Credit account. The undisputed facts reveal that a consumer who chooses to open a PayPal Credit account is unlikely to know that Comenity is the bank ultimately providing the credit and thus the creditor. This is because PayPal Credit's advertising makes no reference to Comenity; the application process makes no reference to Comenity except in the small print; the process by which the consumer can charge an online purchase to his or her PayPal Credit account makes no reference to Comenity; and the process by which the consumer pays off the PayPal Credit account likewise makes no reference to Comenity. Rather, Comenity's identity as the bank extending credit is only disclosed to the consumer in the fine print within the PayPal Credit Terms and Conditions and the FAQs. Thus, the least sophisticated consumer may never know or understand that PayPal Credit is not the actual creditor and that Comenity – an entity the consumer may have never heard of – is the actual creditor. *See Leonard*, 2017 WL 4979160 at *5 ("A naïve consumer, who is unfamiliar with the internal corporate structure of [the defendant] would be no

more confused as to the identity of the creditor by the commonly used [name] than by [its] full business name.").  Thus, from the perspective of the least sophisticated consumer receiving the demand letter at issue, Simm identified the name under which Comenity transacted business with PayPal Credit account holders, such as Plaintiff.

The Court finds a factually analogous case from the Southern District of Florida persuasive here, *Demonte v. Client Servs., Inc.*, No. 14-cv-14511, 2015 WL 12556159, (S.D. Fla. July 29, 2015).  In *Demonte*, the creditor, CFNA, had issued a private label Firestone-Tires Plus credit card to Plaintiff for use in Firestone-Tires Plus stores.  *Id.* at *1.  After failing to make payments on the card, the plaintiff received a demand letter that contained the account number, the balance due, the last payment date, and the words "RE: FIRESTONE-TIRES PLUS."  *Id.* The demand letter explained the account had been placed with the defendant debt collector for the purpose of collecting the debt.  *Id.*  Much like the case here, the plaintiff alleged the demand letter violated §§ 1692g and 1692e for failing to identify CFNA as the creditor to whom the debt was owed and instead misleadingly identified Firestone-Tires Plus as the creditor.  *Id.*  It was undisputed that CFNA was the actual creditor and that the demand letter made no mention of CFNA.  *Id.* at *3.  In granting summary judgment in favor of the debt collector, the court found that "[w]hen the Demand Letter is read as a whole, the least sophisticated consumer would, therefore, understand that the 'Re: Firestone-Tires Plus' simply indicates that Defendant's Demand Letter was from a debt collector seeking to recover on the consumer's debt relating to their CFNA/Firestone-Tires Plus credit card."  *Id.*

In this case, similar to *Demonte*, Simm's demand letter left no room for confusion in the eyes of the least sophisticated consumer.  The letter allowed the consumer to easily identify the

nature of the debt by disclosing PayPal Credit as Simm's client, Comenity as the original creditor, the amount of the debt, and the PayPal Credit account number. *See* ECF No. [8-1]. The first paragraph of the demand letter states: "Your account has been forwarded to [Simm's] office for collections." *See* ECF No. [8-1]. Significantly, the top portion of the letter identifies the complete PayPal Credit account number, eliminating any doubt as to which account has been forwarded to Simm for collections. *Id.* In addition, the demand letter informs Plaintiff that Simm's "client, PAYPAL CREDIT" has authorized it to accept a discounted payoff to settle the account in full. *Id.* Again, the letter references PayPal Credit – the name by which Comenity has been transacting business with Plaintiff on the PayPal Credit account. When read as a whole, the demand letter clearly identifies the creditor in the way the consumer is accustomed to transacting business with it – PayPal Credit, while still identifying the technical name of the creditor, Comenity, *and* while providing additional details, such as balance and account number, that dispel any doubt as to the nature of the debt. *See Hammett v. AllianceOne Receivables Mgm't, Inc.*, No. 11-3172, 2011 WL 3819848 (E.D. Penn. Aug. 30, 2011) (finding that the identity of the creditor was clear even though the letter referred to PNC Bank as the "client" instead of the "creditor" when the letter stated "[y]our account has been referred to our office for Collections" and it included the account number and the amount of the outstanding principal).

Plaintiff also faults Simm for not disclosing Comenity as the "current creditor" instead of the "original creditor." Nowhere in § 1692g is there a requirement that such verbiage be used. All that is required is that the debt collector disclose the creditor to whom the debt is owed and

for the reasons explained above, the Court finds that Simm adequately satisfied this requirement.[3]

      2.   <u>Section 1692e</u>

Plaintiff next seeks to hold Simm liable under § 1692e for using a false, deceptive, or misleading representation in its demand letter when it did not identify Comenity as the current creditor. "A debt collector's failure to provide the information required by § 1692g is actionable as a violation of § 1692e 'if the variance is one that would tend to mislead the least sophisticated consumer.'" *Leonard*, 2017 WL 4979160, at *4 (quoting *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014)). "[C]ourts are reluctant to impose liability for alleged technical violations of the FDCPA that do not mislead or deceive the least sophisticated consumer." *Demonte*, 2015 WL 12556159 at *2. When determining FDCPA liability, courts "are not concerned with mere technical falsehoods that mislead no one." *Id.* (quoting *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)). Only misrepresentations that are material may constitute a violation of the FDCPA. *Anselmi*, 2015 WL 11121357 at *6 (collecting cases). "To be material, 'a statement must influence a consumer's decision or ability to pay or challenge a debt.'" *Id.* (quoting *Miljkovic v. Shafritz & Dinkin, P.A.*, No. 8-14-CV-635-T-33TBM, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014)). As a result, only those misstatements that "could objectively affect the least sophisticated consumer's decisionmaking

---

[3] In addition, the Court notes that such information would likely create confusion from the perspective of the least sophisticated consumer. In *Demonte*, the district court noted that the inclusion of the merchant's name in the demand letter would assist the least sophisticated consumer as "many consumers may not understand that when he or she applies for and receives a private-label credit card, the actual creditor on the account is not the merchant, but rather some unheard of entity." *Id.* at *3, n. 1. The same holds true here because PayPal Credit consumers may not have ever heard of Comenity.

14

are actionable.'" *Id.* (quoting *Powell v. Palisades Acquisition XVI, LLC*, 2014 WL 7191354, at *6-7 (4th Cir. Dec. 18, 2014)).

As explained above, the Court finds that the demand letter adequately identified the creditor to whom the debt is owed. Even accepting that there exists a hyper-technical FDCPA violation here, the Court's review of the demand letter leads it to conclude that it is not material as there is nothing misleading about its content. There is nothing that would influence the consumer's decision to pay the debt or otherwise cause an unsophisticated consumer to be concerned about paying the incorrect creditor. This is because the consumer's experience with PayPal Credit requires that consumers issue payments to PayPal Credit – not Comenity - to pay down or pay off what is owed on the account. When paying down the account online, the PayPal Credit website only identifies PayPal Credit without any reference to Comenity. Likewise, if the consumer chooses to pay down or pay off the PayPal Credit account by mail with a check, the consumer is sending the payment to: PayPal Credit, P.O. Box 105658, Atlanta, GA 30348-5658. Moreover, the demand letter informs the consumer that "our client, PAYPAL CREDIT, has authorized us to accept a discounted payoff of your current outstanding balance to settle the account in full" and gives an email address of CustomerService.**PayPal**@simmassociates.com for details regarding payment offers. *See* ECF No. [8-1].

The demand letter's statement that PayPal Credit has authorized Simm to collect payment on its behalf is consistent with the consumer's experience of issuing payments only to PayPal Credit. Put simply, payment to PayPal Credit is all the consumer has known since the inception of the credit relationship. For that reason, the least sophisticated consumer receiving the letter at issue would not be concerned about the possibility of being defrauded or paying the incorrect

15

creditor. Critically, analyzing the letter as a whole, it is neither confusing or misleading to the least sophisticated consumer. Thus, the Court finds as a matter of law that there does not exist a violation of § 1692e.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, **ECF No. [34]**, is **GRANTED**;

2. Pursuant to Federal Rule of Civil Procedure 58, Final Judgment in favor of Simm Associates, Inc. will issue by separate order;

3. The Clerk shall mark this case **CLOSED**; and

4. Any pending motions are **DENIED AS MOOT**,[4] any scheduled hearings are **CANCELLED**, and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida this 8th day of February, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court is cognizant that the parties contemporaneously briefed Defendant's Motion for Summary Judgment along with Plaintiff's Motion for Class Certification and that the latter has not yet been ruled upon. *See* ECF Nos. [28] and [34]. However, it is within the Court's discretion to consider the merits of Plaintiff's FDCPA claims before determining their amenability to class certification. *Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209, 1211 (11th Cir. 2005) (collecting cases); *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000) (collecting cases); *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2015 WL 11216720, at *1 (S.D. Fla. May 29, 2015) (finding that the rule against one-way intervention in putative class action lawsuits is not implicated when the defendant, rather than the plaintiff, is the party moving for summary judgment). The Court has determined that Plaintiff's FDCPA claims cannot survive summary judgment. For that reason, the Court need not decide whether such claims are appropriate for class certification.

Copies to:

Counsel of Record